OLA B. CANNON, Plaintiff-Appellant, v. ILLINOIS DEPARTMENT OF PUBLIC AID et al., Defendants-Appellees.

Third District   No. 78-458

Opinion filed October 3, 1979.

Bruce H. Bornstein, Robert W. Elser, and Diana Lenik, all of Western Illinois Legal Assistance Foundation, of Rock Island, for appellant.

William J. Scott, Attorney General, of Chicago (Imelda Terrazino, Assistant Attorney General, of counsel), for appellees.

Mr. JUSTICE ALLOY delivered the opinion of the court:

Plaintiff Ola B. Cannon appeals from an order of the Circuit Court of Rock Island County affirming the decision of the Illinois Department of Public Aid, which denied the application of Cannon to add another dependent to her AFDC grant.

The appeal in this case is brought under the terms of the Administrative Review Act (Ill. Rev. Stat. 1977, ch. 110, par. 267). The Department denied benefits for Andre Letchow, an eight-year-old fourth cousin who was living with Mrs. Cannon, until such time as a currently filed adoption proceeding by Cannon was final. At the time of the Cannon application for benefits, the circuit court, in the adoption proceedings by Mrs. Cannon, had only entered its interim order giving her temporary custody of the child. It was contended by Mrs. Cannon that she was entitled to benefits for Andre during the six months waiting period between the interim order and the final order of adoption. (See Ill. Rev. Stat. 1975, ch. 4, par. 9.1—14.) The Department refused to allow such benefits and the order of the Department was approved by the circuit court.

Ola Cannon is 48 years old and receives Social Security disability and AFDC benefits for her son Paul. Andre Letchow was born in 1969 to Ola Cannon's first cousin. Since 1972, when Andre was three years old, Ola Cannon has in fact been his sole custodian. The whereabouts of his parents are unknown. In 1977, after the boy had been with her for five years, Ola Cannon desired to adopt Andre Letchow, formally. She filed her adoption petition on August 1, 1977, in the Rock Island Circuit Court. On October 7, 1977, that court, in the adoption proceeding, entered its interim order giving Ola Cannon temporary custody of the boy and appointing a guardian ad litem (Ill. Rev. Stat. 1975, ch. 4, par. 9.1—13). The statutory provisions governing adoptions require, in some cases, a six month's waiting period between the interim order of custody and the final order of adoption. Ill. Rev. Stat. 1975, ch. 4, par. 9.1—14.

After she had received temporary legal custody of Andre in the adoption proceedings, on October 11, 1977, Ola Cannon applied for AFDC on Andre's behalf. Her application was denied. The Department stated that it could not give her benefits until such time as a final decree of

adoption was entered. Until that time, the Department ruled, Andre was not a dependent child of such character that benefits would be granted under the Act. Although the Department denied benefits under the AFDC program, the Department suggested that Ola Cannon apply for benefits under the foster care program. Ola Cannon appealed from the agency decision to the circuit court, as we have noted, under the terms of the Administrative Review Act. The circuit court affirmed the agency's denial of benefits.

■■ ■ The purpose of the Federal Aid to Families with Dependent Children Act was to provide assistance to needy children living with close relatives. (42 U.S.C. §601 (1976).) The Federal statutory provisions set forth certain eligibility with respect to assistance under the Act. (42 U.S.C. §606 (1976).) States which chose to participate in the AFDC program may not impose stricter eligibility requirements than those contained in the Federal Act (*Townsend v. Swank* (1971), 404 U.S. 282, 30 L. Ed. 2d 448, 92 S. Ct. 502), and the States must impose each condition of eligibility required in the Social Security Act. (45 C.F.R. 233.10(a)(1)(i).) Section 606(a) of the Federal Act defines the term "dependent child" as that term is used in the statutory scheme providing for aid to families with dependent children. In pertinent part, that section states that a dependent child:

> "* * * means a needy child (1) who has been deprived of parental support or care by reason of the death, continued absence from the home, or physical or mental incapacity of a parent, and who is living with his father, mother, grandfather, grandmother, brother, sister, stepfather, stepmother, stepbrother, stepsister, uncle, aunt, first cousin, nephew or niece in a place of residence maintained by one or more of such relatives as his or their own home, and (2) who is (A) under the age of eighteen, * * *." (42 U.S.C. 606(a) (1970).)

The Illinois Public Aid Code, passed to operate with the Federal assistance under the Federal AFDC Act, has similar eligibility requirements. To receive aid an otherwise eligible and needy child:

> "* * * must (1) be living with his or their father, mother, grandfather, grandmother, brother, sister, stepfather, stepmother, stepsister, uncle or aunt, or other relative approved by the Illinois Department, in a place of residence maintained by one or more of such relatives as his or their own home, * * *." (Ill. Rev. Stat. 1977, ch. 23, par. 4—1.2.)

With respect to the availability of assistance for needy children and the congressional intent behind the program, the Illinois Supreme Court has recently noted that:

> "It is not the purpose of the AFDC program to provide assistance

to all needy children, but rather to those who are not only needy as determined under State standards, but who also meet the Federal definition of a 'dependent child' * * *." *Sweet v. Department of Public Aid* (1977), 66 Ill. 2d 195, 206, 361 N.E.2d 1118.

The question presented in the instant case is whether Andre Letchow is a dependent child of such type that he is entitled to benefits under the AFDC program of the State of Illinois. There is no question that he is a needy child as defined by the statutes.

The Department's Categorical Assistance Manual for AFDC, Topics PO-435 and PO-435.1, sets forth those relatives with whom a child must be living in order to qualify as a dependent child. The list therein includes all those relatives set forth in the Federal and State statutory provisions and it adds, as to adoptive relatives, that the "relationship exists between an adopted child and his adoptive parents and relatives rather than the child's natural parents." We also note that a policy statement by the Department indicated the Department's policy that an adoption must be final before an applicant is considered an adoptive parent to whom benefits will be paid for a dependent.

■■ In the instant case, the child, Andre Letchow, is the son of Ola Cannon's first cousin, so he is her first cousin once removed, or, as otherwise expressed, her fourth cousin. As such, the relationship does not come within the specified blood relationships which, under the statutory provision, must exist for a child to be considered a "dependent child." (42 U.S.C. 606(a) (1970); Ill. Rev. Stat. 1977, ch. 23, par. 4—1.2.) The farthest removed relative permissible under those statutory provisions is a first cousin. At the time in question on this appeal, Andre Letchow was not the adopted son of Ola Cannon, for the final order of adoption had not been entered, and Ola Cannon had only temporary legal custody of the boy. Neither the pertinent provisions of the Federal Act nor those of the State program require the Department to consider a child adopted prior to a court order establishing that relationship. Benefits during the interim period, or prior thereto in circumstances similar to those in this case, are conceptually available under the foster care program. (42 U.S.C. §608 (1970); Ill. Rev. Stat. 1977, ch. 23, par. 5001 *et seq*.) Ola Cannon did not pursue the potential benefits under the foster care program, nor did she attempt, so far as the record discloses, to have the six-month waiting period waived. (See Ill. Rev. Stat. 1975, ch. 4, par. 9.1—16.) To summarize, in view of the fact that the required relationship between Andre Letchow and Ola Cannon did not exist at the time of her application, as a matter of law, although it did factually, Ola Cannon was not entitled to AFDC benefits on behalf of Andre Letchow.

Applicant's arguments in support of reversal, while attractive from an equitable point of view, do not find adequate support in the law.

Applicant argues that denying benefits during the six-month pendency of the adoption narrows eligibility requirements and contradicts the Federal Act's requirements that applications be completed and the first check received within 30 days. The argument overlooks the fact that the 30-day requirement specified in the regulations applies to persons who are eligible under the Act. It is the absence of the required eligibility relationship which caused the rejection of the aid application in the instant case. Counsel for Ola Cannon also argues that Andre Letchow is covered under 42 U.S.C. §606(b) (1970), yet that section addresses payments to third parties, other than specified relatives, when services are rendered to needy children who are living with a qualified, but irresponsible, specific relative. It is not applicable to the situation in the instant case, on the basis of the regulatory provisions.

■ Applicant also argues that the Department ought to have considered her as the adoptive mother of the child since she had, in fact, been the child's "mother" for five years and since she had been given interim legal custody of the child by the circuit court, pending final order in the adoption proceeding after the six-month waiting period. The adoption became final in April 1978. While we are sensitive to the equity and reasonableness of this argument, it is not within the power of this court to establish the policy for the Department, inconsistent with its statutory provisions relating to the issue in the instant case. The decision as to what time the adoptive relationship will be considered to exist for AFDC purposes has been left to the Department. We may overturn its decision thereon only if it is contrary to the statutory provisions or previously established policy or if it is arbitrary or unreasonable and not simply because we disagree with the policy or its application. In the instant case, the statutory provisions are those previously set forth with respect to eligibility and with respect to adoption. The decision of the Department is not contrary to those provisions nor to previous policy. In the instant case, the Department's conclusion that the adoptive relationship does not exist until the final order of adoption has been entered is consistent with the statutory schemes at issue. Ola Cannon was, as she described herself in brief, the potential adoptive parent of Andre. At the time of her application, she had received only temporary legal custody, in anticipation of her adoption of her son of five years. Legally, she was only a temporary custodian of the boy. As a *de facto* mother for a period of five years, and the obvious future adoptive mother, but only the temporary legal custodian, unfortunately, the required eligibility relationship did not exist for the purposes of the Department and its enforcement of the AFDC program in Illinois, and we are not privileged to declare otherwise under the facts and circumstances and the statutory provisions in this case.

For the reasons stated, therefore, the order of the Circuit Court of Rock Island County is affirmed.

Affirmed.

STOUDER, P. J., and BARRY, J., concur.