MR. JUSTICE WEBER
delivered the Opinion of the Court.
Plaintiff Tina D’Ewart filed an action for declaratory judgment in the District Court of the Twelfth Judicial District, Hill County. The District Court held that Section 46.10.512, A.R.M., was invalid as applied to the plaintiff, holding accrued but unpaid child care costs could be claimed as deductions from gross income when figuring AFDC payments. The Hill County Welfare Department and the Montana Department of Social and Rehabilitation Services (SRS) appeal. We reverse and remand.
The issue is:
Can the AFDC child care deduction found in Section 46.10.512, A.R.M., be applied to child care costs which have accrued but not been paid?
The parties stipulated to the essential facts in this case. Tina D’Ewart is a single parent with three young children. Ms. D’Ewart relies on assistance, in addition to wages she earns, from the Aid to Families with Dependent Children (AFDC) program to provide shelter and other necessities for herself and her children. AFDC is a federally funded welfare program that is administered in Montana by SRS and the respective county welfare departments, in this case the Hill County Welfare Department. The state and county must administer the AFDC program in compliance with and in a manner consistent with federal law and regulations.
A family in which the claimant parent works may receive an AFDC *337 payment if income eligible. Income eligibility for our purposes requires subtraction from income of items called “disregards.” The key “disregard” in this case is the payment made for day care of children of the claimant. Benefits are calculated by “retrospective budgeting.” This means that the computations for the month of January are based upon income and expenses during the month of November.
It is the Hill County Welfare Department’s policy that a child care disregard is allowed for those day care costs actually incurred and paid in the budget month as well as those charges incurred in the month immediately prior to the budget month but paid in the budget month. The disregard of day care costs that were incurred but remain unpaid is not allowed.
After a hearing concerning September 1984 AFDC benefits, the hearing officer concluded that unpaid child care costs should be disregards in the budget month incurred. Ms. D’Ewart then reapplied for benefits. Ms. D’Ewart’s January 1985 and February 1985 AFDC benefits were based on her November 1984 and December 1984 income and expenditures due to the retrospective budgeting process. Her day care costs for November and December were not subtracted from her November and December income because they were not actually paid, but only incurred.
The benefit months at issue are January, February, and April of 1985. The amounts incurred for day care for those three months have not been paid by Ms. D’Ewart. Ms. D’Ewart is asking that the incurred, but unpaid day care costs from the budget months of November and December 1984 and February 1985 be included as disregards. If included as disregards, the amount of benefits due Ms. D’Ewart are:
BUDGET MONTH BENEFIT MONTH AMOUNT
November January $51.00
December February 63.00
February April 33.00
TOTAL: $147.00
Ms. D’Ewart has paid her day care in full every month from March 1985 to the present.
Ms. D’Ewart had a second hearing on March 11,1986. The hearing officer reversed his earlier ruling on the merits, holding day care disregards would only be allowed to the extent actually paid. This deci *338 sion was appealed to the SRS appeals board which affirmed the decision.
Ms. D’Ewart then filed a petition for declaratory judgment with the District Court. The District Court ruled that Section 46.10.512, A.R.M., was invalid as applied to Ms. D’Ewart and ordered back child care costs paid to her. This ruling in effect held that day care costs incurred but not paid could be disregarded or deducted from a claimant’s income. SRS and the Hill County Welfare Department appealed.
Can the AFDC child care deduction found in Section 46.10.512, A.R.M., be applied to child care costs which have accrued but not been paid?
Section 46.10.512(1), A.R.M., provides in pertinent part:
“When testing net monthly income and determining grant amount, the following disregards are subtracted . . .

“(b) Expenses for the care of each working person’s dependent child . . .

“(i) The amount actually paid in the budget month will be deducted. This amount may include payments for charges incurred in the month immediately prior to the budget month; however, charges incurred but not paid in the budget month will not be allowed under this rule.” (Emphasis added.)
SRS and the Hill County Welfare Department contend that the District Court erred in its declaratory judgment ruling and that Section 46.10.512, A.R.M., is valid and consistent with federal law. The applicable federal statute, 42 U.S.C.A. Section 602(a)(8)(A)(iii), provides in pertinent part:
“A State plan for aid and services to needy families with children must . . .
“(8) (A) provide that, with respect to any month, in making the determination under paragraph (7), the State agency
“(iii) shall disregard from the earned income of any child, relative, or other individual specified in clause (ii), an amount equal to expenditures for care in such month for a dependent child . . .” (Emphasis added.)
The lower court framed the issue as follows:
“The court must determine under 42 USCA 602,(8) (A) (iii) [sic-should read 42 U.S.C.A. 602(a)(8)(A)(iii)] whether or not unpaid but obligated babysitting services should be considered disregardable ‘expenditures’ or whether or not such child care costs are an ‘expenditure’ only to the extent they are actually paid for.”
*339 After discussing the purpose of the AFDC program and accounting principles the District Court held:
“. . . the term ‘expenditure’ was intended by Congress to mean: an outlay, or the creation of a liability, or an asset or expense item; that Congress in the instant case meant ‘expenditure’ for day care to mean either cash payment, or those child care costs which are accrued and obligated but not paid.”
The court then concluded that Section 46.10.512, A.R.M., was inconsistent and more restrictive than 42 U.S.C.A. Section 602(a) (8) (A) (iii) and thus was invalid as to Ms. D’Ewart.
The federal regulation pertaining to this issue, found at 45 C.F.R.233.20(a)(ll)(i)(C), provides:
“For purposes of eligibility determination, the State must disregard from the monthly earned income . . .
“(C) An amount equal to the actual cost, but not to exceed $160 . . . (Emphasis added.)
After consideration of the federal and Montana statutes and regulations pertaining to the AFDC program, we conclude that Montana’s administrative rule on AFDC child care disregards, Section 46.10.512, A.R.M., correctly implements federal congressional intent. Day care costs which have been incurred, but not paid, in the budget month should not be allowed as disregards. Only those child care costs actually paid in the budget month should be deducted.
We reach this conclusion for several reasons. First, our reading of 42 U.S.C.A. Section 602(a) (8) (A) (iii) and 45 C.F.R. 233.20 (a)(11)(i)(C) persuades us that Congress intended only those child care costs actually paid to be deducted. The federal statute itself speaks of “expenditures.” Black’s Law Dictionary 518 (rev. 5th ed. 1979], defines an expenditure as “[s]pending or payment of money; the act of expending, disbursing, or laying out of money; payment.” The federal regulation is even more explicit in its intention when it states, “[a]n amount equal to the actual costs.” The regulation does not mention accrued or incurred costs, but actual costs. “Actual” is defined in Black’s Law Dictionary 33 (rev. 5th ed. 1979) as:
“[r]eal; substantial; existing presently in act; having a valid objective existence as opposed to that which is merely theoretical or possible. Opposed to potential, possible, virtual, theoretical, hypothetical, or nominal. Something real, in opposition to constructive or speculative; ...”
In addition, AFDC eligibility determinations are made using cash *340 basis accounting principles. When figuring AFDC income standards, it is clear the wage or salary must be actually received. See 45 C.F.R. Section 233.20(a)(6)(iii). Thus, it follows that deductions from income must also be actually paid. Our reading of the federal statutes and regulations, along with the definitions of the key terms, convinces us that Congress intended child care costs actually be paid and not simply incurred.
Second, we conclude that Section 46.10.512, A.R.M., correctly incorporates the federal law as intended. The construction of a statute by the person or agency responsible for its execution should be followed unless there are compelling indications that the construction is wrong. Red Lion Broadcasting Company v. F.C.C. (1969), 395 U.S. 367, 381, 89 S.Ct. 1794, 1802, 23 L.Ed.2d 371, 384. As this Court stated in Department of Revenue v. Puget Sound Power and Light Company (1978), 179 Mont. 255, 262, 587 P.2d 1282, 1286:
“When faced with a problem of statutory construction great deference must be shown to the interpretation given the statute by the officers or agency charged with its administration.”
We conclude SRS has correctly interpreted 42 U.S.C.A. Section 602(a) (8) (A) (iii), and hold that Section 46.10.512, A.R.M., is consistent with and implements congressional intent. We also emphasize that the Montana regulation allows child care expenses to be paid in the month they are incurred, as well as in the subsequent month. The A.R.M. is flexible enough to allow a working AFDC mother to increase her working hours, but not be required to pay the increased day care costs until the following month when she receives her additional income from the added hours.
Third, practical considerations convince us that only day care costs actually paid should be allowed as an income disregard. The efficient administration by the State of the AFDC program requires that the money budgeted by the AFDC family for day care expenses is actually spent on the day care expenses. While we do not believe Ms. D’Ewart intended in any way to perpetrate a fraud on the AFDC program, we can see that potential problems could develop if AFDC recipients were allowed to accrue day care expenses (perhaps to a relative or friend) with no intention of ever paying those expenses. Also, if the SRS were required to set up a bookkeeping procedure to record day care expenses incurred months or even years earlier, then the paper work involved could materially increase the complexity of operation.
Ms. D’Ewart argues that the officer’s decision concerning the *341 benefit month of September 1984 barred subsequent adjudication of this matter. At that administrative hearing the position of the SRS and the Hill County Welfare Department was presented not by an attorney but by a social worker at the local level. The controversy involved a small amount of money, and SRS did not appeal the decision to the next administrative level.
At the time of the first hearing, Section 46.10.512(l)(b)(i), A.R.M., provided:
“The amount actually paid in the budget month will be deducted. This amount may include payment for charges incurred in the month immediately prior to the budget month; however, payments in the budget month will not be allowed as a deduction under this rule.”
The regulation was contradictory. It began by providing that the amount actually paid would be deducted, but then stated that payments in the budget month would not be deducted. The inconsistencies were removed by an amendment effective September 26, 1985, which read:
“The amount actually paid in the budget month will be deducted. This amount may include payment for charges incurred in the month immediately prior to the budget month; however, charges incurred but not paid in the budget month will not be allowed under this rule.”
Considering these circumstances and especially the inconsistent A.R.M., we conclude it would be unjust to require the SRS to follow the hearing officer’s initial determination in all subsequent proceedings.
Accordingly, we reverse the District Court’s decision and hold that Section 46.10.512, A.R.M., is valid and applicable as applied to Ms. D’Ewart and other AFDC recipients. We also hold that Section 46.10.512, A.R.M., is consistent and not more restrictive than 42 U.S.C.A. Section 602(a)(8)(A](iii). We remand this case to the District Court for appropriate proceedings.
MR. CHIEF JUSTICE TURNAGE and MR. JUSTICES GULBRANDSON and McDONOUGH concur.