No. 90-393

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

NORFOLK HOLDINGS, INC.,

    Petitioner and Appellant

v.

THE MONTANA DEPARTMENT OF REVENUE,

    Respondent and Respondent.

**FILED**

JUN 13 1991

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the First Judicial District,
In and for the County of Lewis and Clark,
The Honorable Dorothy McCarter, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        James P. Sites argued, Louis R. Moore, Crowley,
Haughey, Hanson, Toole & Dietrich, Billings, Montana

    For Respondent:

        Geralyn Driscoll argued, Department of Revenue,
Helena, Montana

Submitted:    May 7, 1991

Decided:    June 13, 1991

Filed:

_____
            Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

Norfolk Holdings, Inc., (Taxpayer) appeals from an order of the First Judicial District Court, Lewis and Clark County, holding that Taxpayer's claim for a refund was barred by the statute of limitations. We affirm.

The sole issue raised on appeal is whether an automatic extension of time for filing corporate license tax returns may be included in computing the five-year limitations period in § 15-31-509(2), MCA.

Taxpayer reported its 1982 corporate license tax on a calendar year basis. On May 13, 1983, it filed a tentative 1982 tax return form and paid $241,012 in estimated tax. At the same time, Taxpayer applied for an automatic extension of time until October 15, 1983, to file its return.

On May 14, 1984, Taxpayer filed its finalized return for 1982, which showed a tax liability of $197,267. Thereafter, the State of Montana, Department of Revenue (Department), refunded $43,745--the difference between the estimated tax payment and the finalized amount due.

On June 20, 1988, the Department received from Taxpayer amended returns and claims for refunds for tax years 1982 through 1986. The Department issued refunds for all years except 1982. It refused the refund claimed for 1982, contending that the statute of limitations for a refund of that year's taxes had expired.

2

Taxpayer appealed to the State Tax Appeal Board. With the Department's consent, the case was moved to District Court for interlocutory adjudication, where the matter was submitted on agreed facts. The District Court ruled in favor of the Department, concluding that the five-year period of limitations in § 15-31-509(2), MCA, does not include consideration of any extensions of time for filing returns. Taxpayer appeals.

Section 15-31-101(3), MCA, mandates that corporate license taxes are "due and payable on the 15th day of the 5th month following the close of the taxable year of the corporation . . . ." Section 15-31-111(2), MCA, establishes the due date for filing corporate license tax returns. The statute reads in its entirety:

> If the corporation is reporting on a calendar year basis, the return shall be filed with the department on or before May 15 following the close of the calendar year, and if reporting on a fiscal year basis, the return shall be filed with the department on or before the 15th day of the 5th month following the close of its fiscal year. Upon application, a corporation shall be allowed an automatic extension of time for filing its return of 1 to 6 months following the date prescribed for filing of its tax return. The application is to be made on such forms as the department shall prescribe. (Emphasis added.)

Section 15-31-111(2), MCA.

Thus, tax returns of corporations filing on a calendar year basis are due on May 15 of the following year. However, a corporate taxpayer may apply for an automatic extension of up to six months for filing the return. Section 15-31-111(2), MCA. If the Department deems that good cause exists for granting more time

for filing, it may grant an extension above and beyond that received with the automatic extension. Section 15-31-111(3), MCA.

A taxpayer has five years in which to claim a refund of corporate license taxes. Section 15-31-509(2), MCA. The statute of limitations provides:

> No refund or credit shall be allowed or paid with respect to the year for which a return is filed <u>after 5 years from the last day prescribed for filing the return</u> or after 1 year from the date of the overpayment, whichever period expires the later, unless before the expiration of such period the taxpayer files a claim therefor or the department of revenue has determined the existence of the overpayment and has approved the refund or credit thereof. If the taxpayer has agreed in writing under the provisions of subsection (1) of this section to extend the time within which the department may propose an additional assessment, the period within which a claim for refund or credit may be filed or a credit or refund allowed in the event no claim is filed shall automatically be so extended. (Emphasis added.)

Section 15-31-509(2), MCA.

Taxpayer argues that the "last day prescribed for filing the return" in this statute includes the automatic extension of time provided for in § 15-31-111(2), MCA. The Department, on the other hand, argues that "the last day prescribed for filing the return" does not include any extensions of time received by the taxpayer. The Department maintains that, for a corporation filing on a calendar year basis, the "last day prescribed for filing" is May 15 following the close of the calendar year. We agree with the Department.

A statute must be construed according to the plain meaning of the language therein. State ex rel. Woodahl v. District Court, 162

4

Mont. 283, 292, 511 P.2d 318, 323 (1973). In this case, the operative word to be construed is "prescribed." Black's Law Dictionary 1345 (6th ed. 1990) defines "prescribe" as follows:

> To lay down authoritatively as a guide, direction, or rule; to impose as a peremptory order; to dictate; to point, to direct; to give as a guide, direction, or rule of action; to give law.

Following this definition, the plain meaning of "prescribe" is to "lay down authoritatively." In § 15-31-111(2), MCA, the legislature statutorily established a due date for filing a corporate license tax return, i.e., May 15 following the close of the taxable year for corporations filing on a calendar year basis. This statutorily established day for filing the return is the day the legislature "laid down authoritatively" or "prescribed" for filing the return.

Although § 15-31-111(2), MCA, allows the taxpayer to automatically extend the period of time for filing for up to six months, the extension applied for by the taxpayer is not included in determining when the limitations period begins to run. If the statute did not begin to run until the exhaustion of the automatic extension, the day prescribed for filing would be a day established by the taxpayer, not the legislature. The day would no longer be "laid down authoritatively" but would depend upon the whim of the taxpayer. "Prescribe" would be stripped of all meaning. The automatic extension simply gives the taxpayer additional time to

5

prepare the return. It does not change the day prescribed by the legislature for filing the return.

In 1972, the Department promulgated § 42.23.601, ARM, which interprets the limitations period for claims for refunds of corporate license taxes. The regulation provides as follows:

> No refund or credit may be allowed or paid with respect to the year for which a return is filed, unless, within 5 years from the last day prescribed for filing the return or after 1 year from the date of the overpayment (whichever period expires later) the taxpayer files a claim for refund thereof or the department has determined the existence of the overpayment and has approved refunding or crediting thereof. The 5-year period is determined without regard to any extension which may have been granted. (Emphasis added.)

Section 42.23.601, ARM.

The regulation reflects the Department's conviction that any extensions of time received for filing the return are excluded from the computation of the running of the statute of limitations. The adoption of the regulation, which is not in conflict with the statute and is reasonably necessary to effectuate the purpose of the statute, is a valid exercise of the Department's rule making authority. Section 2-4-305(6), MCA. This Court shows great deference to an interpretation given a statute by the agency charged with its administration. D'Ewart v. Neibauer, 228 Mont. 335, 340, 742 P.2d 1015, 1018 (1987) (quoting Department of Revenue v. Puget Sound Power & Light Co., 179 Mont. 255, 262, 587 P.2d 1282, 1286 (1978)).

6

In conclusion, the statute of limitations for claiming refunds of corporate license taxes begins to run on the date statutorily established by the legislature. This date does not include any automatic extension of time applied for and received by the taxpayer under § 15-31-111(2), MCA.

Taxpayer in this case filed on a calendar year basis. Therefore, the limitations period for its 1982 taxes began to run on May 15, 1983, and expired five years later on May 15, 1988. Because Taxpayer did not file for a refund until June 20, 1988, its claim was time barred.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

7

Justice Terry N. Trieweiler dissenting.

I respectfully dissent from the opinion of the majority.

Although the majority opinion discussed traditional rules of statutory construction, I believe it overlooks the most important rule of construction which is applicable in this case. That rule is as follows:

> In interpreting tax statutes it should always be kept in mind that they are to be strictly construed against the taxing authorities, and in favor of the taxpayer.

Butte Country Club v. Dept. of Revenue, 186 Mont. 424, 430, 608 P.2d 111, 115 (1980).

In this case, the taxpayer's entitlement to recover a refund hinges on our interpretation of the phrase "the last day prescribed," as used in § 15-31-509(2), MCA. As the majority has correctly stated, no refund can be paid unless a claim for that refund has been filed within five years from the last day prescribed for filing the return.

The last day prescribed for filing the return is set forth in § 15-31-111(2), MCA, which provides that the return is due on May 15 of the next calendar year unless an application for an automatic extension is filed. In that event, the tax return is due on the date to which the extension is granted.

"Time prescribed for filing" is nowhere defined in the Title on taxation. However, I believe it is reasonable to interpret the time prescribed by § 15-31-111(2), MCA, to be May 15, plus any additional period granted pursuant to the taxpayer's application

8

for an automatic extension. This conclusion would be consistent with the decision of the Maryland Court of Appeals in Compt. of Treas., Inc. Tax Div. v. Diebold, Inc., 369 A.2d 77 (Md. 1977). Although the language being interpreted in that case was not identical to the language in question here, the facts are similar and it provides the only precedent cited by either party which appears to be on point on the issue we have been asked to decide. In the Diebold decision, the Maryland taxpayer's income tax returns for 1966 and 1967 were due on March 15 following each taxable year. However, for each tax return that taxpayer was granted an extension to July 15. He claimed a right to a refund for the 1966 taxable year on July 14, 1970, and for the 1967 return on May 7, 1971. The Maryland Comptroller found that the refunds claimed for the years 1966 and 1967 were barred by a statute of limitations which required that refund claims be filed within three years from the date the refund was "due to be filed." The Maryland Tax Court concluded, as this Court has, that the statute of limitations ran from the date when the returns were originally due and not from the date to which extensions were granted. However, the Maryland Court of Appeals disagreed and stated as follows:

> Diebold contends, and we think correctly, that the Tax Court erred when it concluded that Code Art. 81, § 310(b) mandated that the three-year period of limitations ran from the date when the 1966 and 1967 returns were originally due to be filed (15 March 1967 and 15 March 1968) and not from the date to which extensions were granted under Art. 81, §§ 305 and 306.

> As we construe the language of § 310 (b):

9

> "Any claim for a refund made under and pursuant hereto . . . shall be filed within three years from the date the return was due to be filed . . .."
>
> we think that it is clearly contemplated that limitations will run from the date of any extension. Obviously, that part of § 310(c) which requires the State to pay interest on any refunds ". . . accounting from the date the return . . . was due to be filed . . ." would not be interpreted as requiring the payment of interest from the original due date, rather than from the date to which an extension has been granted.

Diebold, 369 A.2d at 81.

In this case, there are two plausible explanations for what the legislature meant by "last day prescribed for filing." However, since the legislature did not bother to explain what was meant, I believe, based upon the authority previously cited, that explanation which is most favorable to the taxpayer should be adopted.

For these reasons, I dissent from the majority opinion and would reverse the judgment of the District Court.

_____
Justice

10