METZGER v. MUELLER et al.

No. 34676. Oct. 23, 1951.

Rehearing Denied Dec. 18, 1951.

*238 P. 2d 802.*

Harland A. Carter, Okmulgee, for plaintiff in error.

E. F. Maley, Okmulgee, for defendant in error.

BINGAMAN, J. This action was brought by H. W. Metzger to quiet title to a small strip of land. The defendants cross-petitioned to quiet title to the same land. The tract in question is 4.4 feet by 12.5 feet and adjoins the garage and tire station business in the north part of lot 24, in block 92, in the city of Okmulgee. All of lots 22, 23 and 24, in block 92, formerly belonged to Sophia O. Selfridge. The lots had an apartment house on the south part and a garage with tire station building and business on the north. The garage covered an irregular shaped tract. The defendants occupied this garage property beginning in 1919, as the tenants of Mrs. Selfridge and her predecessor in title. The strip of land in question was used by defendants in connection with the garage property. A gasoline storage tank was under it and as it adjoined the street a tire display rack was above ground. The area was paved for such use. The rest of the lots were used with the apartment house.

On April 1, 1942, Mrs. Selfridge sold the apartment house to plaintiff and in the deed of conveyance described the property as lots 22, 23, and 24 in block 92, less a metes and bounds description which described the garage building only and thus conveyed the strip in question to Metzger. Plaintiff failed to record his deed until April 21, 1949. Although plaintiff took possession of the apartment house in 1942 and his purchase of the apartment was then known to defendants, he took no possession of the tract in question and defendants continued to use and occupy it as before the sale. There was a dispute between the parties as to whether plaintiff then claimed to own the tract.

On June 16, 1948, defendants purchased the garage property from Mrs. Selfridge. To insure an accurate description of the irregular tract an engineer was employed to describe the tract occupied by defendants and the deed was drawn from this description. In addition to the building it described this 4.4' by 12.5' tract also occupied by defendants. This deed was promptly filed and recorded. Defendants deny any knowledge or notice of plaintiff's deed or claim prior to that time. The trial court rendered judgment for defendants, quieting their title, and plaintiff appeals.

It appears from the argument set out in the briefs that the plaintiff com-

plains that the judgment is not supported by the evidence.

The rule is well established that in the absence of actual or constructive notice of a previous conveyance, or of matters which would put a purchaser on inquiry, a bona fide purchaser for value will take a good title to the property. Luschen v. Stanton, 192 Okla. 454, 137 P. 2d 567; Davis v. Lewis, 187 Okla. 91, 100 P. 2d 994; Gungoll v. Elsberry, 177 Okla. 301, 58 P. 2d 852.

There is no evidence of any notice either actual or constructive to defendants of the claim or title of plaintiff to the strip in question, except the testimony of plaintiff himself. This was in conflict with the evidence of defendants. The trial court heard and passed upon the evidence which was conflicting on this point. The judgment is not clearly against the weight of the evidence, and should not be disturbed on appeal. Kliewer v. Bodenheimer, 199 Okla. 107, 184 P. 2d 456; Wahby v. Renegar, 199 Okla. 191, 185 P. 2d 184, and cases cited in note 566 to 12 O. S. A. §952.

Affirmed.

HALLEY, V. C. J., and WELCH, CORN, GIBSON, JOHNSON, and O'-NEAL, JJ., concur.