Ray L. SMITH, Appellee,

v.

**STATE of Oklahoma, ex rel., DEPARTMENT OF HUMAN SERVICES, Appellant.**

No. 66560.

Supreme Court of Oklahoma.

March 6, 1990.

As Corrected April 9, 1990.

Peter M. Keltch, Cherokee, for appellee.

Charles Lee Waters, Gen. Counsel, David Brown, Asst., Paul Porter, Oklahoma City, for appellant.

SIMMS, Justice:

The single issue to be decided is whether a district court, on appeal of a decision by an Administrative Agency in an individual proceeding, correctly entered an award of attorney fees against that agency based upon a finding that the agency acted unconscionably in defending the action, based upon the Oklahoma exception to the American Rule as stated in *City National Bank and Trust Company v. Owens*, Okl., 565 P.2d 4 (1977). The following summarized facts are not disputed.

Appellee, Ray Smith, was employed by the Department of Human Services at the Helena State School for Boys as a Youth Guidance Specialist. When the Helena School was transferred to he control of the Department of Corrections in mid–1982, the appellee was transferred to the Logan County offices of the Department of Human Services as a Social Work Assistant. After having been so employed for approximately three months, Smith was notified that he was being terminated because of alleged inability to perform his duties.

Smith promptly sought administrative review of his termination. The termination was subsequently affirmed and Smith filed his petition for review in district court in early October, 1982.

A series of delays ensued. After being served with a designation of record and a request to produce a transcript of the administrative hearing, Department of Human Services (DHS) sent only the cassette tapes of the hearing. A motion to compel was filed which eventually culminated in an order by the district court directing the DHS to comply with appellee's motion. In that order, the district court granted DHS an additional thirty days to produce a *written* record and ruled that failure to comply would result in summary judgment being entered in Smith's favor.

DHS failed to meet the deadline set for production of the record and summary judgment was entered for Smith. A motion by DHS to vacate judgment and for new trial was denied and appellant appealed to this Court. The trial court's grant of summary judgment was subsequently reversed and the cause remanded for trial in February, 1984.

On remand, the trial court specifically found that there was no evidence in the record which indicated any disability on the

part of Smith to do the work he had been assigned. Rather, the court found that the only evidence in the record indicating any difficulty in the employment relationship was the lack of assignment of proper work; concluding that Smith's termination was arbitrary and capricious. Accordingly, judgment was entered for Smith. DHS timely filed an appeal to that judgment. This appeal was decided adversely to DHS. Certiorari was denied and mandate issued January 21, 1986.

After mandate, Smith filed his motion in the trial court to assess attorney fees of Eleven Thousand Two Hundred Dollars ($11,200.00) against the appellant, alleging oppressive behavior on the part of the appellant. After consideration of the arguments and authorities submitted by both parties, the trial court specifically found that "the delays caused by the Department of Human Services in defending its arbitrary and capricious action were unconscionable and the expense of said attorney fees should fall on the Department of Human services." Judgment was entered accordingly and the Department of Human Services again appealed. The reasonableness of the amount of attorney fees is not challenged on appeal.

The Court of Appeals, Division III, summarily affirmed the order assessing attorney fees, simply ruling that the district court had not abused its discretion. Certiorari has been Granted. We vacate the opinion of the Court of Appeals and reverse the judgment of the District Court.

## I.

■ All parties to the instant appeal acknowledge that an award of attorney fees could not be made in this case unless facts justify application of the *Owens*, supra, rule. Attorney fees are apparently not recoverable by a prevailing party in the absence of statute or contract authorizing same.[1] *Todoroff v. Burton*, Okl., 719 P.2d 456 (1985); *Keel v. Covey*, 206 Okl. 128, 241 P.2d 954 (1952). There is no statute or

contract authorizing an award of attorney fees under the facts of this case. The narrow issue to be determined, therefore, is whether "unconscionability" in this case rises to the eggregious level of conduct we condemned in *Owens*, supra. We hold that it does not.

## II.

■ Although the course of litigation in this case appears to have been unnecessarily protracted, upon full consideration of the record, the delay in part is entirely justified. The first appeal prosecuted by the appellant was resolved favorably to appellant. The only evidence remaining in this record which supports the district court's conclusion that DHS acted unconscionably is thus distilled to two, separate, considerations. First, appellant was apparently recalcitrant in providing a written transcript of appellee's administrative hearing. When appellant failed to produce the transcript on the date set by the court for that production, the court entered summary judgment against this appellant. This judgment was subsequently reversed on appeal and the case remanded for consideration on the merits.

The second consideration enunciated in the trial court's order awarding attorney fees is the fact that, based on the court's consideration of the merits, appellee's termination was "arbitrary and capricious." Summarized, the assessment of attorney fees in this case is based on two factors: loss on the merits of litigation and failure to timely produce a transcript.

## III.

The level of conduct in this record differs markedly from the eggregious behavior present in the record in *City National Bank and Trust v. Owens*, supra. There, we were presented with a record showing "clearly" oppressive behavior. In *Owens* the defendant "caused fruitless expenditures of time, effort, and money" solely to

---

1. Oklahoma's Administrative Procedures Act, 75 O.S.1981, Ch. 8, does not statutorily authorize

the award of attorney's fees on judicial review.

use the courtroom as "a rehearsel hall at the expense of his adversaries and the People" to test the strength and weakness of his case. Nor is there a suggestion in this record that the appeals prosecuted by this appellant were frivolous, in bad faith, or without a reasonable basis.

The *Owens* pronouncement that trial courts have the equitable power to award attorney fees in proper cases was not a declaration of a broad, all-encompassing theory of equity. The *Owens* exception is a *narrow* one. It should be applied with a degree of caution and restraint.

Contrary to appellee's suggestion, 12 O.S.1981 § 936 does not authorize an award of attorney fees under Oklahoma's Administrative Procedures Act, nor is this action one to recover for labor or services. See: *Webb v. Dayton Tire and Rubber Co.*, Okl., 697 P.2d 519 (1985).

Accordingly, we VACATE the opinion of the Court of Appeals; REVERSE the judgment of the District Court awarding attorney fees.

HARGRAVE, C.J., and LAVENDER, ALMA WILSON and SUMMERS, JJ., concur.

KAUGER, J., concurs in part, dissents in part.

OPALA, V.C.J., dissents.

HODGES, Justice, dissenting:

I would affirm the award of attorney fees under 12 O.S.1981, § 936.