2013 OK CIV APP 84

**Jay E. POPE, Plaintiff/Appellee,**

v.

**Laura FULTON, Defendant/Appellant,**

**and**

**John W. Hover, Defendant.**

**No. 110357.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Aug. 23, 2013.

James R. Hicks, Morrel Saffa Craige, P.C., Tulsa, Oklahoma, for Plaintiff/Appellee.

Heidi L. Shaddix, Shaddix & Reimer, PLLC, Owasso, Oklahoma, for Defendant/Appellant.

BRIAN JACK GOREE, Judge.

¶ 1 Jay Pope sued his step-sister, Laura Fulton, and his step-father, John Hover, to recover his ownership interest in two vehicles. Following a non-jury trial, the court entered judgment granting Jay a one-half interest in each vehicle plus attorney fees. We affirm the judgment in favor of Jay as a correct result based on an incorrect legal theory, but we reverse the awards of an ownership interest in the vehicles, pre-judgment interest, and attorney fees as contrary to law. We remand for determination of damages for unjust enrichment.

¶ 2 The Hover family rebuilt classic automobiles as a hobby. John Hover and his wife Jane purchased a 1953 Chevrolet pickup and a 1969 Volkswagen. John and Jay

worked on weekends restoring the pickup and modifying the Volkswagen to a dune buggy. Jay paid $2,000.00 to purchase a motor which they installed in the dune buggy. In 2003, John and Jane decided to transfer the vehicles to John and Jay for estate planning purposes. Jay was initially unaware of the title changes and he paid no money in consideration for the conveyances. The new certificates of title identified the owners as "John W. Hover and/or Jay E. Pope."

¶ 3 One evening in May of 2008, Jane returned home from work to find a note from John implying he had left home. A significant amount of their personal property was missing including the pickup and dune buggy. Jane would later learn that John's daughter, Laura Fulton, had possession of the dune buggy and that John had transferred the title to Laura about three weeks before he left. Jane filed a petition for divorce in June 2008.

¶ 4 After the divorce petition was filed, John transferred the title for the pickup to himself as sole owner. He then changed his will, leaving his entire estate to his revocable trust. In July of 2009, he transferred the pickup to Laura. John died from an illness in September 2009. A final decree was never entered in the divorce case.

¶ 5 Jay commenced this action against John and Laura in August 2009. He alleged conversion, constructive trust and unjust enrichment. John died a few days after being served with the summons. Laura answered and denied liability. The parties tried the matter to the court on August 16, 2011. The trial court issued its judgment on September 1, 2011, finding the transfer of the vehicles to Laura did not extinguish Jay's ownership interest but created a tenancy in common. The trial court granted judgment to Jay for one-half ownership of each vehicle, and awarded him statutory pre-judgment and post-judgment interest.

¶ 6 Jay then applied for costs pursuant to 12 O.S.2011 §§ 928 and 942. He also requested attorney fees based on 12 O.S.2011 § 936 and the court's inherent equitable powers. Jay asserted Laura's litigation conduct was in bad faith because she argued she had purchased the vehicles even though she presented no supporting evidence. The trial court granted the application, awarding $8,860.00 in attorney fees and $466.60 in costs.

¶ 7 Laura moved for new trial. The trial court denied the motion in the same order ruling on the attorney fee application. Laura appeals from these orders. She contends: (1) John had the authority to transfer all interest in the vehicles, (2) Jay did not meet his burden of proof as to ownership, (3) Jay did not meet his burden of proof as to damages, (4) even if Jay was a tenant in common, his ownership was 0% because he contributed nothing to the acquisition of the vehicles, (5) the trial court improperly denied her motion for directed verdict because Jay did not prove all the elements of any of his causes of action, (6) the award of attorney fees was improper, and (7) Jay improperly presented the journal entry of judgment to the trial court.

¶ 8 In cases of equitable cognizance, we will examine the record as a whole and weigh the evidence, but we will not disturb the judgment of the trial court unless it is clearly against the weight of the evidence. *Carlile v. Carlile*, 1992 OK 57, ¶ 3, 830 P.2d 1369, 1371. We will not reverse a correct decision arrived at on the basis of wrong reasons or an incorrect theory. *State v. Landess*, 1955 OK 148, ¶ 8, 293 P.2d 574, 577.

¶ 9 In 1985, the Legislature adopted the Oklahoma Vehicle License and Registration Act, 47 O.S.2011 §§ 1101–1151. Laws 1985, c. 179, § 4, eff. July 1, 1985. The Legislature stated its intent under the Act was "that the owner or owners of every vehicle in this state shall possess a certificate of title as proof of ownership and that every vehicle shall be registered in the name of the owner or owners thereof." 47 O.S.2011 § 1103. Under prior law, motor vehicle certificates of title were considered documents of convenience rather than documents of ownership. *Volvo Commercial Fin. LLC the Americas v. McClellan*, 2003 OK CIV APP 27, ¶ 26, 69 P.3d 274, 281. Now, the certificate of title is

proof of legal ownership. 47 O.S.2011 § 1102(3).

¶ 10 The Legislature granted to the Oklahoma Tax Commission the authority to promulgate rules and prepare forms and records to effectuate the Act. 47 O.S.2011 § 1149. In the exercise of that authority, the Tax Commission adopted OAC 710:60–5–4,[1] which provides that when multiple owners are listed on the title joined by "and/or", any one of the owners may assign ownership.

¶ 11 The Act and the above rule are consistent with the common law set forth in *Gilles v. Norman Plumbing Supply Co. of Oklahoma City, Inc.*, 1975 OK CIV APP 62, ¶ 11 n. 2, 549 P.2d 1351, 1353 n. 2 ("[W]here property is owned in joint tenancy such as "A and B" as joint tenants, a transfer by one joint tenant of his interest creates a tenancy in common between the transferee and the [non-transferring] joint tenant. But where the joint tenancy ownership is "A or B" either joint tenant can transfer the entire ownership and the transferee takes full ownership to the exclusion of the nonjoining joint tenant.") As to motor vehicles, the Act and OAC 710:60–5–4 control over contrary common law applicable to real property, such as *American Nat. Bank & Trust Co. of Shawnee v. McGinnis*, 1977 OK 47, ¶ 3, 571 P.2d 1198, 1199. Pursuant to OAC 710:60–5–4, either John or Jay could transfer the full interest in vehicles titled in their names joined by "and/or." Therefore, John's transfer of title to Laura served to transfer legal ownership in the vehicles to Laura. Laura is the sole owner of the subject vehicles. The trial court's award of an ownership interest to Jay must be reversed.

¶ 12 However, the determination of legal title does not conclude the parties' dispute. Jay sought recovery under the alternative theory of unjust enrichment. Unjust enrichment arises when there is an expenditure by one person that adds to the property of another, coupled with a resulting injustice. *City of Tulsa v. Bank of Oklahoma, N.A.*, 2011 OK 83, ¶ 19, 280 P.3d 314, 319.

¶ 13 The record in this case contains evidence that Jay contributed substantially to the value of the pick-up and dune buggy by his labor in restoring them and his purchase of the motor which was installed in the dune buggy. It contains evidence that John's transferee, Laura, was unjustly enriched by Jay's contribution when John hid marital assets from Jane by transferring title to the vehicles to Laura. The record contains evidence Laura paid nothing for the vehicles and knew that John was hiding marital assets.

¶ 14 The clear weight of the evidence in this record supports a judgment in favor of Jay for unjust enrichment based upon his expenditure of money and time that added value to the vehicles owned by his parents and titled such that Jay would receive the vehicles when John died, coupled with the subsequent injustice that Jay was deprived of the benefits of his efforts when John transferred the vehicles to himself and then to Laura as part of his scheme to hide assets in his divorce. Laura was not a bona fide pur-

---

1. OAC 710:60–5–4 provides:
   (a) When multiple owners are listed on vehicle ownership documentation, whether a title document or ownership assignment document, and there is no distinction as to whether ownership is to be joined by 'and', 'and/or', or 'or', the resulting Oklahoma title is to be issued reflecting ownership joined by 'and'.
   (b) When transferring ownership from a title document which lists multiple (former) owners, the following assignment guidelines apply:
   (1) When ownership is joined by 'or' or 'and/or, any one of the owners may assign ownership.
   (2) When ownership is joined by 'and', all owners are required to assign ownership.
   (c) When multiple owners are listed, followed by "WROS" (With Rights of Survivorship), the rules under (a) and (b) above apply.
   (d) When ownership is listed as two names, followed by "TOD" (Transfer Upon Death), the first name listed will be considered the primary (unconditional) owner and the second name listed as the secondary (conditional) owner. The secondary owner may obtain ownership only in the event of the primary person's death (upon presentation of the death certificate). The secondary owner has no other ownership claim to the vehicle. As long as the primary owner remains alive, he/she can assign ownership of the vehicle at any time, with no signature or documentary approval of the secondary owner required.

chaser for value without notice and therefore took the vehicles subject to Jay's claim. *Metzger v. Mueller,* 1951 OK 274, ¶ 5, 205 Okla. 490, 491, 238 P.2d 802, 803.

¶ 15 Laura is liable for restitution of the amount by which she was unjustly enriched at Jay's expense. *Lapkin v. Garland Bloodworth, Inc.,* 2001 OK CIV APP 29, ¶ 10, 23 P.3d 958, 962. Whenever possible, an appellate court in an equity suit should render that judgment which, in its opinion, the trial court should have rendered. *Snow v. Winn,* 1980 OK 27, ¶ 3, 607 P.2d 678, 680-681. However, the record in this case is insufficient for us to determine the amount of damages. Therefore, this matter must be remanded for determination of damages based on the amount by which Laura was unjustly enriched at Jay's expense.

¶ 16 In addition, we reverse the attorney fee award for abuse of discretion pursuant to *State ex rel. Tal v. City of Oklahoma City,* 2002 OK 97, ¶ 12, 61 P.3d 234, 245. Jay moved for attorney fees based on the bad faith exception to the American Rule, as set forth in *City Nat. Bank & Trust Co. of Oklahoma City v. Owens,* 1977 OK 86, ¶ 15, 565 P.2d 4, 8 (superceded by statute on other grounds). He asserted Laura lacked a good faith defense because she produced no evidence other than her testimony that she paid for the vehicles. In order for a defense to constitute bad faith litigation misconduct, it must be objectively unreasonable. *Barnes v. Oklahoma Farm Bureau Mut. Ins. Co.,* 2004 OK 25, ¶ 15, 94 P.3d 25, 29. A defense does not rise to the level of being objectively unreasonable merely because it is unsuccessful; it must be shown to be baseless or frivolous in order to support an attorney fee award. *State ex rel. Tal v. City of Oklahoma City,* 2002 OK 97 ¶ 19, 61 P.3d 234, 245. We find nothing in the record to suggest that Laura's defense rose to the level of litigation misconduct requiring a sanction.

¶ 17 Laura also complains that Jay's presentation of a journal entry to the court without her counsel's approval resulted in an improper award of pre-judgment interest. Pre-judgment interest must have statutory authorization. *Sisney v. Smalley,* 1984 OK 70, ¶ 8, 690 P.2d 1048, 1050. *Neither* 12 O.S.2011 § 727.1(E), authorizing pre-judgment interest for tort claims, nor 23 O.S.2011 § 6, authorizing prejudgment interest on damages that are certain, is applicable to this case. Therefore, we reverse the award of pre-judgment interest.

¶ 18 For the foregoing reasons, the trial court's judgment in favor of Jay is AFFIRMED, but the awards of an ownership interest in the vehicles, pre-judgment interest, and attorney fees are REVERSED. This matter is REMANDED for determination of damages.

HETHERINGTON, P.J., and MITCHELL, J., concur.