Question Submitted by: The Honorable Mike Christian, State Representative, District 93
2016 OK AG 7
Decided: 09/08/2016
Oklahoma Attorney General Opinions

Cite as: 2016 OK AG 7, __ __

 

¶0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
To obtain release of a motor vehicle--and personal property within the vehicle--that has been towed and stored by a wrecker operator, Department of Public Safety regulation OAC 595:25-5-3, promulgated pursuant to statutory authority granted by Sections 904 and 954A of Title 47, requires the vehicle owner to produce, among other things, evidence of ownership of the vehicle. Such evidence may include a certificate of title.
1. Must a certificate of title offered as evidence of vehicle ownership reflect that the title holder has paid all requisite excise taxes and fees due the State of Oklahoma?
2. If the answer to Question 1 is no, may a wrecker operator nevertheless require a person to produce a certificate of title reflecting payment of all such taxes and fees before releasing the vehicle and accompanying personal property?
Background
1. Regulation of Towing and Wrecker Services
¶1 The regulation of operators of towing and wrecker services ("wrecker operators") is addressed in 47 O.S.2011 & Supp.2015, §§ 901-968. In addition to the specific statutory provisions, the Legislature granted to the Department of Public Safety ("Department") broad licensing and supervisory authority over wrecker operators, including the power to promulgate rules to carry out the Legislature's intent.
[1] See 47 O.S.2011, § 952(A), (B). Department rules must include, among other things, requirements for the storage of towed vehicles and records to be kept by wrecker operators, as well as "such other matters as the Department may prescribe for the protection of the public." Id. § 952(B); see also OAC 595:25-1-1-25-11-3 (setting forth Department rules governing wrecker operators).
¶2 Title 47 contemplates two scenarios in which a wrecker operator may tow a vehicle without the owner's consent. Section 954A provides for removal of a vehicle abandoned or parked without permission on private property, see 47 O.S.Supp.2015, § 954A, while Section 955 provides for removal of vehicles from public property--and some types of publicly-accessible private property--at the request of law enforcement, see id. § 955. In either scenario, the vehicle may be held at the wrecker operator's storage facility. See id. §§ 954A(G), 955(A).
¶3 When a wrecker operator has towed and stored a vehicle, various statutory and regulatory provisions dictate how, when, and to whom the vehicle and its contents may be released. In all cases, a wrecker operator is required to "release the vehicle from storage upon authorization from the owner, agent or lienholder of the vehicle . . . ." 47 O.S.2011, § 953.2(B)(4); see also id. § 904 (also requiring the release of the vehicle upon authorization from the owner). However, statute also requires that the vehicle owner comply with Department regulations before the vehicle can be released.[2] See id. § 904 (for vehicles abandoned on or otherwise lawfully removed from public property), § 954A(G) (for vehicles abandoned or left without permission on private property). The pertinent regulation provides as follows:

Upon payment of the reasonable cost of removal, and storage of a stored vehicle, whether stored at the request of law enforcement or a private property owner and recorded by the wrecker service as provided in OAC 595:25-5-5(b), the vehicle shall be released to:
(A) the owner, upon presentation of an Oklahoma driver license, Oklahoma identification card, other state driver license, other state identification card, or any federally issued identification, proof of valid insurance or affidavit of nonuse, and evidence of ownership which is satisfactory to the wrecker operator and required by 

47 O.S. § 904, 955, such as a certificate of title, to show proof of purchase and ownership, or recent registration, or written verification from a local law enforcement agency as to the identity of the owner, or other documentation acceptable to the wrecker owner/operator. If unacceptable, the wrecker service shall explain why an ownership document is not acceptable . . . .
OAC 595:25-5-3(11)(A) (emphasis added). 
¶4 A separate subsection requires the same showing of identification, valid insurance, and evidence of ownership for the release of personal property found within the vehicle. See OAC 595:25-5-3(12).[3] 
¶5 While the Department regulation mentions several methods of proving vehicle ownership, you ask only about the certificate of title. A separate chapter of Title 47, titled the Oklahoma Vehicle License and Registration Act ("Registration Act"), addresses the function of certificates of title as proof of vehicle ownership. See 47 O.S.2011 & Supp.2015, §§ 1101-1151.4. We address the Registration Act below.

2. Oklahoma Vehicle License and Registration Act
¶6 The Registration Act requires every vehicle owner in Oklahoma to "possess a certificate of title as proof of ownership of such vehicle," subject to certain exceptions not relevant here.[4] See 47 O.S.Supp.2015, § 1105(B); see also id. § 1102(3) (defining "certificate of title" as "a document which is proof of legal ownership of a motor vehicle"). A certificate of title must contain certain security features and "must be of such intensity or hue as will allow easy identification" of the category of title. See id. § 1105(C)(5). However, because the Oklahoma Tax Commission ("Tax Commission") administers the Registration Act, see 47 O.S.2011, § 1149, the remaining details of the certificate's physical appearance are left to that agency's discretion, see 47 O.S.Supp.2015, § 1105(C)(5) ("The certificate of title shall be of such size and design and color as the Tax Commission may direct pursuant to the provisions of this section."). For instance, the Tax Commission has set forth by rule its color coding scheme for the various certificates of title. See OAC 710:60-5-2.
¶7 The Registration Act's requirements for transferring title of a motor vehicle are particularly relevant to this opinion. For a valid transfer of title, the holder must:

endorse on the back of [the certificate] a complete assignment thereof 
with warranty of title in form printed thereon with a statement of all liens or encumbrances on the vehicle, sworn to before a notary public or some other person authorized by law to take acknowledgments, and deliver [the certificate] to the purchaser or transferee at the time of delivery . . . of the vehicle . . . .[5] 
¶8 Once a certificate of title has been endorsed, notarized, and delivered, the transferee is required within thirty days to present the assigned title, proof of insurance, and payment of taxes and fees to the Tax Commission, which will then issue a new certificate of title. Id. Failure of the transferee to do so is a misdemeanor subject to fines and impoundment of the vehicle until taxes and fees are paid. Id. § 21(C); see also 68 O.S.Supp.2015, § 2103(A) (levying excise tax on transfer of legal ownership of vehicles registered in Oklahoma and imposing a penalty for taxes not paid within thirty days of transfer). We consider your questions against this regulatory background.

Analysis
¶9 As set forth above, to obtain release of a towed and stored vehicle, the owner must comply with Department regulations. See 47 O.S.2011, § 904; 47 O.S.Supp.2015, § 954A(G). The pertinent regulation requires the owner to, among other things, present to the wrecker operator "evidence of ownership" of the vehicle. See OAC 595:25-5-3(11)(A). A similar showing is required for release of personal property inside the vehicle. See OAC 595:25-5-3(12); see also 47 O.S.Supp.2015, § 955(E). The regulation includes three specific examples of such evidence: (1) "a certificate of title, to show proof of purchase and ownership," (2) "recent registration," or (3) "written verification from a local law enforcement agency as to the identity of the owner." OAC 595:25-5-3(11)(A).
¶10 The gist of your first question is whether a certificate of title offered as evidence of ownership under OAC 595:25-5-3(11)(A) must be a "new" certificate issued by the Tax Commission pursuant to 2016 Okla. Sess. Laws ch. 210, § 21(A) after payment of excise taxes and fees, or, alternatively, whether an assigned title--which carries no assurance that the holder has paid the required taxes and fees--will suffice.
¶11 Before turning to our analysis, we note that "[t]he same rules of construction apply to administrative rules and regulations as to statutes." McClure v. ConocoPhillips Co., 2006 OK 42, ¶ 25, 142 P.3d 390, 398. "Administrative rules, like statutes, are given a sensible construction bearing in mind the evils intended to be avoided." Walker v. Group Health Servs., Inc., 2001 OK 2, ¶ 27, 37 P.3d 749, 759. "If an administrative rule is clear and unambiguous, there is no need to resort to rules of construction to ascertain its meaning." Coppola v. Fulton, 1991 OK 18, ¶ 12, 809 P.2d 1291, 1296. 
¶12 With these rules in mind, we conclude that a properly assigned certificate of title is sufficient evidence of ownership to satisfy OAC 595:25-5-3(11)(A) and warrant release of a stored vehicle and its contents. The regulation does not require that the certificate of title reflect the vehicle owner's payment of excise taxes and fees. We reach this conclusion for two reasons.
¶13 First, by its plain terms OAC 595:25-5-3(11)(A) requires only that the owner present "evidence of ownership," with one example of such evidence being "a certificate of title, to show proof of purchase and ownership." Nowhere in the text of the regulation is it suggested that the certificate must also show that the holder is current on all taxes and fees due the State. As with a statute, we cannot "create exceptions or impose restrictions not contained in an agency's rules." McClure, 2006 OK 42, ¶ 25, 142 P.3d at 398; see also Cox v. State ex rel. Dep't of Human Servs., 2004 OK 17, ¶ 26, 87 P.3d 607, 616-17 (declining to impose requirements not explicitly included in statute or administrative rule). Where there is no ambiguity, the plain language of the regulation controls.[6] 
¶14 Second, this plain reading is consistent with what we presume to be the intent of the statute and regulations governing release of a towed vehicle: release to the legal owner. To that end, it is clear from the Registration Act that legal ownership transfers upon notarized assignment and delivery of title. See 2016 Okla. Sess. Laws ch. 210, § 21(A); see also Pope v. Fulton, 2013 OK CIV APP 84, ¶ 11, 310 P.3d 1110, 1113 (holding that legal ownership passes upon transfer of title). To be sure, the transferee is obligated to pay excise taxes and fees to the Tax Commission within thirty days of transfer, see 2016 Okla. Sess. Laws ch. 210, § 21(A); 68 O.S.Supp.2015, § 2103(A), but failure to do so does not negate or diminish the transferee's ownership of the vehicle.
¶15 Your second question raises a slightly different issue: whether a wrecker operator, notwithstanding the plain language of OAC 595:25-5-3(11)(A), may refuse to release a vehicle when presented with a facially valid certificate of title if the certificate does not reflect payment of all taxes and fees due the State. Put differently, while a certificate of title satisfies the regulation's "evidence of ownership" requirement, you question whether a wrecker operator, in its discretion, may determine that a certificate of title that appears valid on its face is nevertheless unacceptable and on that basis refuse to release the vehicle to its owner.
¶16 To answer this question, we look again to the plain language of the regulation. That language suggests that a wrecker operator has some measure of discretion to determine whether documentation of ownership proffered by the vehicle owner is "satisfactory": 

Upon payment of the reasonable cost of removal, and storage of a stored vehicle . . . the vehicle shall be released to:
(A) the owner, upon presentation of . . . evidence of ownership which is satisfactory to the wrecker operator and required by 47 O.S. § 904, 955, such as a certificate of title, to show proof of purchase and ownership, or recent registration, or written verification from a local law enforcement agency as to the identity of the owner, or other documentation acceptable to the wrecker owner/operator. If unacceptable, the wrecker service shall explain why an ownership document is not acceptable . . . .

OAC 595:25-5-3(11)(A) (emphasis added). However, this apparent grant of discretion is followed by a list of examples of evidence that have been deemed by the Department as per se satisfactory. The first such example is a certificate of title. Because the regulation itself provides that a valid certificate of title is "satisfactory" evidence of vehicle ownership, a wrecker operator may not, on its own accord, require a vehicle owner to produce additional documentation as a condition of releasing the vehicle.[7] 
¶17 It is, therefore, the official Opinion of the Attorney General that:

1. Under Department of Public Safety regulation OAC 595:25-5-3 and the Oklahoma Vehicle License and Registration Act, 2016 Okla. Sess. Laws ch. 210, § 21(A) (codified at 47 O.S.Supp.2015, § 1107(A), effective April 26, 2016), a valid certificate of title is sufficient evidence of ownership for release of a towed and impounded vehicle and its contents. There is no requirement that the certificate of title reflect payment of excise taxes and fees due the State.
2. Department of Public Safety regulation OAC 595:25-5-3(11)(A) deems a valid certificate of title to be evidence of vehicle ownership that is per se satisfactory to a wrecker operator. As such, a wrecker operator may not, on its own accord, require a vehicle owner to produce additional documentation as a condition of releasing the vehicle and its contents.

E. SCOTT PRUITT
Attorney General of Oklahoma
ETHAN SHANER
Assistant Attorney General 

FOOTNOTES
[1] The Oklahoma Corporation Commission also exercises some authority insofar as it is responsible for establishing and enforcing compliance with the rates charged by wrecker operators. See 47 O.S.2011, §§ 952(A), 953.1, 953.2, 966. 
[2] There are additional statutory requirements for regaining possession of a stored vehicle, but none are relevant to this opinion. See, e.g., 47 O.S.Supp.2015, § 955(A) (requiring proof of valid insurance or an affidavit of nonuse before a vehicle may be released from storage). 
[3] There is also a statutory proof-of-ownership requirement to obtain release of personal property found in vehicles towed from public property or publicly-accessible private property. See 47 O.S.Supp.2015, § 955(E). 
[4] Prior to enactment of the Registration Act, certificates of title were "considered documents of convenience rather than documents of ownership." Pope v. Fulton, 2013 OK CIV APP 84, ¶ 9, 310 P.3d 1110, 1112-13. 
[5] 2016 Okla. Sess. Laws ch. 210, § 21(A) (codified at 47 O.S.Supp.2015, § 1107(A), effective April 26, 2016)(emphasis added) 
[6] It is also worth noting that the other examples of evidence of vehicle ownership that are listed in OAC 595:25-5-3(11)(A)--i.e., recent registration or written verification from law enforcement as to the owner's identity--will not necessarily show that the owner has paid all taxes and fees either. 
[7] This opinion does not address the scenario in which law enforcement, pursuant to OAC 595:25-7-2, instructs the wrecker operator to place a hold on the vehicle due to the owner's "[f]ailure to pay taxes due the State." By Department rule, a wrecker operator having received such an instruction "shall not release the vehicle until the owner . . . has furnished proof from the Oklahoma Tax Commission or a motor license agent . . . that the vehicle has been duly registered and the license fee has been paid." OAC 595:25-7-2(b)(1)(3). Because this scenario does not involve the wrecker operator exercising its own discretion in refusing to release the vehicle, it is beyond the scope of this opinion.

 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Civil Appeals Cases

 
Cite
Name
Level

 
2013 OK CIV APP 84, 310 P.3d 1110, 
POPE v. FULTON
Discussed at Length

Oklahoma Supreme Court Cases

 
Cite
Name
Level

 
1991 OK 18, 809 P.2d 1291, 62 OBJ 681, 
Coppola v. Fulton
Discussed

 
2001 OK 2, 37 P.3d 749, 72 OBJ 147, 
WALKER v. GROUP HEALTH SERVICES, INC.
Discussed

 
2004 OK 17, 87 P.3d 607, 
COX v. STATE ex rel. DEPT. OF HUMAN SERVICES
Discussed

 
2006 OK 42, 142 P.3d 390, 
MCCLURE v. CONOCOPHILLIPS COMPANY
Discussed at Length

Title 47. Motor Vehicles

 
Cite
Name
Level

 
47 O.S. 952, 
Rulemaking Authority - Requests for Service by Political Subdivisions - Official Rotation Logs
Discussed

 
47 O.S. 1149, 
Duty and Authority of Oklahoma Tax Commission to Administer Act - Necessary Rules and Regulations
Cited

 
47 O.S. 953.2, 
Determination of Fees and Charges for Storage and After-Hours Release of Towed Vehicles
Cited

 
47 O.S. 904, 
Payment of Cost of Removal and Storage
Discussed at Length

 
47 O.S. 954A, 
Abandoned Motor Vehicle - Removal
Discussed

 
47 O.S. 955, 
Towing of Vehicle from Roadway - Grounds
Discussed at Length

 
47 O.S. 1105, 
Definitions
Discussed

 
47 O.S. 1107, 
Holder of Certificates in Event of Sale or Transfer of Ownership - Violations
Discussed

Title 68. Revenue and Taxation

 
Cite
Name
Level

 
68 O.S. 2103, 
Tax for Transfer of Vehicle Ownership
Discussed