WHITTINGTON v. DURANT H.M.A.
2022 OK 97
Case Number: 116794
Decided: 12/06/2022
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2022 OK 97, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

 

 

KINION WHITTINGTON, D.O., Plaintiff/Petitioner,
v.
DURANT H.M.A., LLC, Defendant/Respondent.

CERTIORARI TO THE COURT OF CIVIL APPEALS, DIVISION 3; ON 
APPEAL FROM THE DISTRICT COURT OF BRYAN COUNTY

Honorable Mark R. Campbell, District Judge

¶0 The issue on appeal is whether the trial court abused its discretion by relying on an attorney's controverted affidavit to prove bad faith litigation conduct and whether the trial court had before it sufficient evidence to support the trial court's award of attorney fees based on maintaining or defending an action in bad faith. The trial court concluded that Durant's litigation conduct was "done in bad faith, was oppressive, vexatious and willful," and sanctioned Durant to pay Plaintiff's attorney fees and costs. The COCA reversed the trial court order in its entirety. We previously granted the petition for certiorari, and now vacate the COCA decision and reverse the trial court's granting of attorney fees and costs.

THE COURT OF CIVIL APPEALS' OPINION IS VACATED; THE DISTRICT 
COURT'S JUDGMENT ON ATTORNEY FEES IS REVERSED.

Steven M. Harris and S. Max Harris, Doyle Harris Davis & Haughey, Tulsa, Oklahoma, for Plaintiff/Appellee.

Ryan T. Scharnell, Conner & Winters, LLP, Tulsa, Oklahoma, for Defendant/Appellant.

GURICH, J.

¶1 This appeal requires us to determine whether the trial court abused its discretion in granting a fee award by relying on an attorney's controverted affidavit to prove bad faith litigation conduct. We conclude that an attorney's affidavit is sufficiently credible without supplemental testimony. However, the alleged egregious litigation conduct did not rise to the level necessary to prove bad faith or to award attorney fees and costs as a sanction for that conduct. The trial court's determination that Durant conducted itself in bad faith was clearly erroneous. Accordingly, the Court vacates the decision of the COCA and reverses the decision of the trial court.

Facts and Procedural History

¶2 Durant H.M.A., LLC ("Durant"), an Oklahoma limited liability company, is a general acute care medical center in Durant, Oklahoma. Durant is owned by local physicians, including Dr. Kinion Whittington (Plaintiff) who holds 470 ownership units, and Community Health Systems Professional Services Corporation ("CHSPSC"), a Delaware limited liability company.

¶3 Prior to filing suit, Plaintiff's counsel contacted the attorney for Durant and requested to view and copy several business records maintained by Durant as authorized by 18 O.S. 2011, § 2021

¶4 On June 16, 2016, after litigation had been commenced but prior to service of the suit upon Durant, Durant furnished the unaudited financial records for years 2013-2015, but continued to refuse to provide the Valuation. Durant maintained that the Valuation was obtained by and at the expense of CHSPSC and it was therefore the private property of CHSPSC, not Durant. Accordingly, Durant argued that it had no authority or duty to provide the report to Plaintiff pursuant to 18 O.S. 2011, § 2021

¶5 On October 11, 2016, Durant moved the trial court to dismiss Plaintiff's lawsuit as moot because Durant produced the Valuation. Plaintiff objected to the motion to dismiss, arguing that production of the Valuation was an admission of Durant's violation of section 2021(B) and that the case was not moot. Plaintiff combined this objection with a motion for partial summary judgment. On December 29, 2016, the trial court denied Durant's motion to dismiss and granted partial summary judgment in Plaintiff's favor.

¶6 On December 27, 2016, Plaintiff requested additional documents including a request to inspect and copy all contracts and related documents between Durant and Durant Anesthesia Associates, LLC ("DAA"). Counsel for both parties met to discuss and clarify the request. Unable to resolve the issue, Plaintiff amended his petition on March 28, 2017, to include allegations concerning the DAA contract. Plaintiff filed a second motion for summary judgment on May 5, 2017. Durant filed a combined response and counter-motion for partial summary judgment. The motions were argued to the court in June 2017, and on July 3, 2017, the trial court entered an order sustaining Plaintiff's second motion for summary judgment and denying Durant's counter-motion for partial summary judgment.

¶7 After the trial court's granting of summary judgment in his favor, Plaintiff filed several applications for fees and costs relying on the inherent equitable authority of the trial court to award fees and costs for litigation misconduct addressed in City National Bank & Trust Co. v. Owens, 1977 OK 86565 P.2d 4Burk v. City of Oklahoma City, 1979 OK 115598 P.2d 65923 O.S. 2011, § 10312 O.S. 2002, § 426

¶8 The hearing on the entitlement portion of Plaintiff's motion was heard on October 3, 2017, and the trial court issued its order granting Plaintiff's motion for attorney fees and costs on October 10, 2017. The subsequent hearing on the damages portion of Plaintiff's motion for attorney fees and costs took place on January 16, 2018. At the hearing, the trial court heard expert witness testimony presented by Plaintiff and Durant as to the reasonableness of the attorney fees. On January 26, 2018, the trial court concluded:

Defendant's [Durant's] conduct in their opposition to the Plaintiff's claims was done in bad faith, was oppressive, vexatious and willful. More specifically, Defendant's conduct caused Plaintiff to needlessly expend money on legal fees and costs to obtain information that he was legally entitled to have.

Based on the foregoing, Plaintiff is entitled to his attorneys' fees and costs. Accordingly, the court hereby awards Plaintiff $51,582.50 in attorneys' fees and $2,865.41 in costs.

¶9 Durant timely appealed from the trial court's decision awarding fees and costs and the case was assigned to the COCA.Poafpybitty v. Skelly Oil Co., 1973 OK 110517 P.2d 432sua sponte. Finally, because Durant complied with most of Plaintiff's requests, the COCA did not consider its litigation strategy oppressive.Poafpybitty and contradicted Oklahoma's Rules of Evidence. We granted Plaintiff's Petition for Certiorari.

Standard of Review

¶10 Evaluation of the correctness of the trial court's imposition of attorney fees and costs as a sanction requires an abuse-of-discretion review. Hammonds v. Osteopathic Hosp. Founders Ass'n, 1996 OK 100934 P.2d 319Patel v. OMH Med. Ctr. Inc., 1999 OK 33987 P.2d 1185

Analysis

USE OF THE ATTORNEY'S AFFIDAVIT WAS NOT ERROR

¶11 Title 12, section 421 of the Oklahoma Statutes approves three acceptable modes for taking witness testimony: by affidavit; by deposition; and by oral examination. Undoubtedly, an affidavit is a statutorily approved mode of taking testimony. State ex rel. Okla. Bar Ass'n v. Dobbs, 2004 OK 4694 P.3d 3118 O.S. 2011, § 2021

 

¶12 Due to the COCA's reliance, in part, on Poafpybitty for reversing the decision of the trial court, a closer look is required. In Poafpybitty, a summary judgment proceeding, this Court discounted an affidavit provided by the Vice-President of the defendant company in support of its position. Poafpybitty was a complex case wherein the trial court sustained a summary judgment motion in favor of Skelly Oil Company and denied recovery to plaintiffs for oil royalties for vented casinghead gas. The judgment for Skelly was affirmed on appeal. In considering the sufficiency of the evidence submitted in support of Skelly's motion, the Court both accepted and rejected parts of the affidavit of L.L. Byars, Skelly Oil Company's Vice-President. In reliance on the case of Sartor v. Arkansas National Gas Corp.,Poafpybitty observed:

in considering the affidavit of an interested witness, the fact of his interest in the result of a suit is sufficient to require the credibility of his testimony to be submitted to the jury as a question of fact. We add, however, that such strictness of consideration does not apply to a statement in an affidavit that is uncontroverted and has indication of support elsewhere in the record. We thus preserve the salient reason for the use of affidavits in summary judgment matters, i.e., placing before the court important matter that may aid in avoidance of a useless trial.

1973 OK 110Poafpybitty has been interpreted as recently as 2012 to mean that an affiant's interest in the outcome of a suit is enough to require the testing of his or her credibility before the trier of fact.Poafpybitty was decided, the use of affidavits in summary judgment proceedings was expanded and explained in 12 O.S. 2011, § 2056

¶13 However, in this case we are not faced with the use of an affidavit in a summary judgment, but rather in a proceeding where the court is the trier of fact. In attorney-fee proceedings for sanctions based upon oppressive behavior, the trial judge is factfinder. Walker v. Ferguson, 2004 OK 81102 P.3d 144

 

THE TRIAL COURT'S DETERMINATION THAT DURANT ACTED IN BAD
FAITH WAS AN ABUSE OF DISCRETION.

¶14 In Oklahoma, the right of a litigant to recover attorney fees is governed by the American Rule. TRW/Reda Pump v. Brewington, 1992 OK 31829 P.2d 15Id. This Court has ruled that exceptions to the American Rule are narrowly defined. Barnes v. Okla. Farm Bureau Mut. Ins. Co., 2000 OK 5511 P.3d 162

¶15 In this case, the trial court based the fee award on its inherent authority to award fees under the exception to the American Rule articulated in City National Bank & Trust Co. v. Owens, 1977 OK 86565 P.2d 4Owens, we approved an award of attorney fees against a party that "has acted in bad faith, vexatiously, wantonly, or for oppressive reason." Id. ¶¶ 12, 17, 565 P.2d at 7-9. In the case of State ex. rel. Tal v. City of Oklahoma City, 2002 OK 9761 P.3d 234

City National Bank & Trust Co. v. Owens, 1977 OK 86565 P.2d 4See Winters By and Through Winters v. City of Oklahoma City, 1987 OK 63740 P.2d 724Owens' progeny makes plain, however, the inherent authority exception to the American Rule recognized in Owens (1) is a narrow one; (2) should be applied with a degree of caution and restraint; and (3) was not intended to grant trial courts some broad, all-encompassing equitable authority to award attorney fees. Smith v. State ex rel. Dept. of Human Services, 1990 OK 19788 P.2d 959see also Wallace v. Halliburton Co., 1993 OK 24850 P.2d 1056Owens, 565 P.2d at 8-9.

More specifically at issue here, for a defense to constitute bad faith litigation misconduct, the defense "must be objectively unreasonable." Pope v. Fulton, 2013 OK CIV APP 84310 P.3d 1110Barnes v. Okla. Farm Bureau Mut. Ins. Co., 2004 OK 2594 P.3d 25

¶16 The trial court was within its discretion to accept Harris's controverted affidavit to support Plaintiff's allegations of bad faith conduct on the part of Durant. However, for Durant's conduct to constitute bad faith, its actions must have been frivolous, vexatious, wanton or engaged in for oppressive reasons and objectively unreasonable.18 O.S. 2011, § 2021

¶17 As to the DAA contract, Durant averred that while there is no Oklahoma case law specifically on point, it relied on theories gleaned from Delaware, which state that Plaintiff must provide a legitimate, specific rationale for demanding corporate documents in order to investigate wrongdoing.18 O.S. 2011, § 2021

¶18 When determining whether a defense or conduct rises to the level of bad faith, it is important to note that novel or unpopular theories do not inevitably equate to bad faith if they have a reasonable basis in law and fact, even if they are unlikely to succeed.18 O.S. 2011, § 2021

¶19 Further, Plaintiff's reliance only on the facts giving rise to this case and an affidavit from Harris is not sufficient to support the trial court's finding of bad faith and the resulting sanction. Despite the fact that Plaintiff continually characterizes Harris's affidavit as "uncontroverted," the record tells a different tale. During oral argument, Scharnell succinctly rebutted Harris's affidavit, stating: "I do dispute that that was the conversation I had with him. . . ."

Conclusion

¶20 We recognize that the trial court was very familiar with this case which began in June of 2016, and eventually resulted in judgment entered in January of 2018. The trial court was in the best position to evaluate the demeanor and credibility of the parties and counsel over the course of one-and-a-half years. However, based upon the totality of the record, we find that the trial court had insufficient evidence to support an award of attorney fees as a sanction for bad faith litigation conduct and abused its discretion in finding that Durant's actions amounted to bad faith. For this reason, we vacate the COCA's opinion, reverse the trial court, and vacate the award of fees and costs.

THE COURT OF CIVIL APPEALS' OPINION IS VACATED; THE DISTRICT 
COURT'S JUDGMENT ON ATTORNEY FEES IS REVERSED. 

Darby, C.J., Kauger, Winchester, Edmondson, Gurich, and Rowe, JJ., concur.

Kuehn, J. (by separate writing), concurs in result.

Kane, V.C.J. and Combs, J., dissent.

FOOTNOTES

18 O.S. 2011, § 2021

B. A member, for any purpose reasonably related to the member's interest, may:

1. At the member's own expense, inspect and copy any limited liability company record upon reasonable request during ordinary business hours;
2. Obtain from time to time upon reasonable demand:

a. true and complete information regarding the state of the business and financial condition of the limited liability company,
b. promptly after becoming available, a copy of the limited liability company's state and local income tax returns for each year, and
c. other information regarding the affairs of the limited liability company as is just and reasonable; and
3. Have a formal accounting of the limited liability company's affairs whenever circumstances render it just and reasonable.

23 O.S. 2011, § 103

On October 25, 2016, I spoke to Ryan Scharnell, counsel for Defendant. Mr. Scharnell expressed his client's desire to receive an immediate ruling on its Motion to Dismiss. Mr. Scharnell stated that the reason for this, was that if this case was over and the Defendant decided not to comply with a subsequent request made by [Plaintiff] under 18 O.S. § 2021

Id. at 9--10.

Id. exs. A--B.

, 2012 OK 80, ¶ 17, 286 P.3d 643

12 O.S. § 2056

AFFIDAVITS AND FURTHER TESTIMONY. A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit. The court may permit an affidavit to be supplemented or opposed by depositions, answers to interrogatories, or additional affidavits. When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must, by affidavits or as otherwise provided in this rule, set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

See ORPC Rules 3.3, 8.4(c), 5 O.S. 2011, ch. 1, app. 3-A; State ex rel. Okla. Bar Ass'n v. Johnston, 1993 OK 91863 P.2d 1136

See RGDP 1.3, 1.7, 5 O.S. 2011, ch. 1, app. 1-A.

See Okla. Pleading Code, 12 O.S. Supp. 2020, § 2011

REPRESENTATIONS TO COURT. By presenting to the court, whether by signing, filing, submitting, or later advocating, a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

1. It is not being presented for any improper or frivolous purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

2. The claims, defenses and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

3. The allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

4. The denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Pope v. Fulton, 2013 OK CIV APP 84310 P.3d 1110Barnes v. Okla. Farm Bureau Mut. Ins. Co., 2004 OK 2594 P.3d 25

Business Transaction Solutions § 36:48, Westlaw (Nov. 2021 Update). According to a letter addressed to Plaintiff's counsel by a Partner of Durant's law firm, in 2015--less than one year before Plaintiff requested access to the valuation--Durant allowed its members to inspect the valuation before occurrence of the put right "opportunity for repurchase of members' units in the LLC." Inspection allowed members to "review the manner in which the offered purchase price was determined," so they could dispute the offered price in accordance with the Operating Agreement.

See Bizzari v. Suburban Waste Servs., Inc., No. CV 10709-JL, 2016 WL 4540292 (Del. Ch. Aug. 30, 2016).

See State ex rel. Tal v. City of Oklahoma City, 2002 OK 9761 P.3d 234see also Pope v. Fulton, 2013 OK CIV APP 84310 P.3d 1110

Id. exs. A--B.

Id. at 9.

 

 

KUEHN, J., CONCURRING IN RESULT:

¶1 I agree that the trial court erred in awarding Petitioner attorney fees on a finding that Respondents acted in bad faith. As the Majority says, exceptions to the American Rule awarding attorney fees are very narrow. It is and should be difficult to show that a party acted vexatiously, wantonly, or for an oppressive reason. Barnes v. Okla. Farm Bureau Mu. Ins. Co., 2004 OK 2594 P.3d 25 State ex rel. Tal v. city of Oklahoma City, 2002 OK 9761 P.3d 234

¶2 However, I do not join the Majority's discussion of affidavits, although I too would find the affidavit in this case was properly admitted. By statute, affidavits are an acceptable form of testimony. 12 O.S. §§ 421Poafpybitty v. Skelly Oil Co., 1973 OK 119517 P.2d 432Id. An interested party is one who is a party to the lawsuit or has an interest in its outcome. Id.; Deutsche Bank Nat. Trust Co. v. Roesler, 2015 OK CIV APP 36348 P.3d 707Poafpybitty nor subsequent cases require corroborating evidence to be presented before the factfinder makes a determination of credibility. Of course, without such evidence it is likely that the factfinder will decide the statement is not credible. And such a determination goes to the weight to be given an affidavit, not its admissibility. An affidavit by an interested party, on a controverted issue, may be admitted for what it is worth, and a factfinder may decide it isn't worth much.

¶3 I emphasize this settled law because COCA's opinion may have blurred the issue as one of admissibility rather than weight. COCA seems to imply that a factfinder cannot make a credibility determination where no corroborating evidence supports a controverted or uncontroverted statement in the affidavit of an interested party.

¶4 Did the trial court properly consider the attorney's affidavit here? The affidavit was properly submitted under Section 421. The attorney affiant was an interested party: the affidavit was submitted to support his request that he be granted attorney fees and costs. The affidavit was controverted: affiant claimed opposing counsel made a statement, and opposing counsel denied it. So the trial court could properly consider the affidavit to determine its credibility. And if the trial court found the statement credible, it could rely on the affidavit in reaching its decision. As I state above, I believe the trial court abused its discretion in determining the merits of the attorney fee request. However, the court certainly could consider the affidavit in making that decision.

¶5 I write separately because the Majority does not address the potential ambiguity in the COCA opinion. The majority discusses Section 421 and Poafpybitty, but does not apply either law to this case. Instead, it veers into a discussion of attorney duties and responsibilities, and concludes that an affidavit by an attorney needs no corroboration. I don't disagree with that conclusion, but it does not answer the questions presented by COCA's opinion: when are affidavits admissible, and must an affidavit from an interested party be corroborated before it may be admitted and considered.